### 18277. STERCHI FURNITURE CO. v. O'NEILL et al.

The ground of the motion for a new trial which complains of the admission of certain testimony does not in itself show that the testimony complained of was harmful, and its admission was not cause for a new trial, in view of the court's ruling which restricted its effect as evidence.

It was not error to refuse to declare a mistrial because the jury heard certain testimony which was ruled out, the court instructing the jury that it was irrelevant and should not be considered or discussed by them.

It was not error to refuse to declare a mistrial on the ground that the court, in instructing the jury that certain testimony, objected to as being hearsay, was admitted for the purpose of impeachment and for no other purpose, expressed or intimated an opinion that the testimony tended or could tend to impeach the witness.

In the light of the facts and when read in connection with the remainder of the charge of the court, the instructions complained of are not cause for a new trial.

The verdict was not so excessive as to show bias and prejudice on the part of the jury.

DECIDED OCTOBER 4, 1927.

Damages; from Fulton superior court—Judge Pomeroy. May 4, 1927.

Application for certiorari was denied by the Supreme Court.

*Jones, Evins, Moore & Powers,* for plaintiff in error.

*Hewlett & Dennis,* contra.

BLOODWORTH, J. 1. The first special ground of the motion for a new trial does not show within itself wherein the evidence there complained of was hurtful to the defendant, and there was

no error in admitting it, in the light of the special ruling of the trial judge thereon, restricting its effect as evidence.

2. While the husband of the plaintiff was on the stand testifying in her behalf, he was asked: "After leaving there [the scene of the collision], where did you then go?" He replied, "From the scene of the wreck I went to the insurance company to—." Because this was heard by the jury, counsel for the defendant asked that a mistrial be declared. This request was denied by the judge, and he instructed the jury as follows: "The court has ruled out the statement of the witness that after he left the scene of the accident he went to the insurance office. That evidence is irrelevant and immaterial and should not be considered by the jury. It should be eliminated from your minds altogether, and should not be discussed by you." These instructions of the judge were proper, and there was no error in overruling the motion for a mistrial.

3. A mistrial was asked also because after a witness, G. C. Brooks, was permitted, "over the objection of the movant that it was hearsay and not a part of the res gestæ and not binding on the movant," to testify that "when Mr. O'Neill and I went out to the scene of the accident Mr. O'Neill asked John O'Neill whose fault it was, and his reply was that the jitney-bus was as much at fault as he." The court stated to the jury substantially the following: "That testimony is admitted for the purpose of impeachment, and for no other purpose, and I will subsequently instruct you fully upon the law of impeachment." The judge did charge on impeachment. A mistrial was asked on the ground that "that statement of the court was an expression or intimation of the court of an opinion that the testimony tended or could tend to impeach the witness John O'Neill." In the foregoing ruling the court did not violate the terms of § 4863 of the Civil Code (1910), and did not express or intimate his opinion as to what had or had not been proved. Moreover, another witness, Tom O'Neill, swore: "When we were out there at the scene of the accident, John O'Neill said that the jitney was as much at fault as he was." To this evidence no objection was made, and it was substantially what Brooks had sworn.

4. None of the grounds of the motion which are based on alleged errors in the charge and which are insisted upon (ground

9 of the motion is expressly abandoned in the brief of counsel for the plaintiff in error), show any reason why a new trial should be granted, when read in the light of the facts and in connection with the remainder of the charge.

5. The verdict (for $7500) was authorized by the evidence, and was not "so excessive in amount as to indicate any. undue bias and prejudice in the minds of the jury against this movant." *Realty Bond & Mortgage Co.* v. *Harley,* 19 *Ga. App.* 186 (2), 187 (91 S. E. 254), and cit.

    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*